IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOHNNY HEMPHILL, #40222                                    PLAINTIFF

VERSUS                          CIVIL ACTION NO. 3:06cv471HTW-LRA

COMMISSIONER CHRISTOPHER B. EPPS, et al.              DEFENDANTS

## OPINION and ORDER

This matter is before the court, sua sponte, for consideration of dismissal.  The plaintiff, an inmate incarcerated at the South Mississippi Correctional Institution (SMCI), Leakesville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983.  The named defendants are: Commissioner Christopher B. Epps, Warden Johnny Crocket, Lieutenant Sandra Smoot, and Sergeant Mary McDonald.  The plaintiff is requesting as relief monetary damages.

### Background

The plaintiff complains that he received a Rule Violation Report (RVR) for testing positive for using drugs.  Even though a nurse had written a statement indicating that the medication the plaintiff was taking for a sinus infection could cause a false positive on a urinalysis, the plaintiff was found guilty of the RVR at the disciplinary hearing.  As a result, the plaintiff received as punishment the following: being reclassified to a behavior management program for 90 days, loss of custody classification from A to C, lost of visitation for 30 days, loss

of phone use for 30 days and he was later transferred from Kemper
County to the Mississippi State Penitentiary, Parchman.

<u>Analysis</u>

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as
amended), applies to prisoner proceedings <u>in forma pauperis</u> and
provides that "the court shall dismiss the case at any time if
the court determines that . . .(B) the action or appeal -- (i) is
frivolous or malicious; (ii) fails to state a claim upon which
relief may be granted; or (iii) seeks monetary relief against a
defendant who is immune from such relief."  Since the plaintiff
was granted <u>in forma pauperis</u> status, § 1915(e)(2) applies to the
instant case.  As discussed below, the plaintiff's complaint
lacks an arguable basis in fact or law and will be dismissed as
legally frivolous.

To invoke the protections of the due process clause, the
plaintiff must have a protected liberty interest at stake.  "[A]
prisoner has a liberty interest only in 'freedom[s] from
restraint ... impos[ing] atypical and significant hardship on the
inmate in relation to the ordinary incidents of prison life.' "
<u>Greiger v. Jowers</u>, 404 F.3d 371, 374 (citing <u>Orellana v. Kyle</u>, 65
F.3d 29, 31-32 (5th Cir. 1995) (quoting <u>Sandin v. Conner</u>, 515
U.S. 472, 484 (1995).  The plaintiff states that the punishment
he received as a result of being found guilty of the RVR for
using drugs was being reclassified to a behavior management

2

program for 90 days, loss of custody classification from A to C, lost of visitation for 30 days, loss of phone use for 30 days and he was later transferred from Kemper County to the Mississippi State Penitentiary, Parchman.  This court finds that such punishment received by the plaintiff does not constitute "atypical and significant hardships on [him] in relation to the ordinary incidents of prison life."  See Sandin v. Conner, 515 U.S. 472, 484- 486 (1995).  Because the plaintiff is relying on a legally nonexistent interest, any alleged due process violation arising from the plaintiff's allegation that the disciplinary committee failed to consider the statement of the nurse is simply meritless.  See Geier v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005).  Therefore, the plaintiff has failed to allege a constitutional deprivation that is cognizable under 42 U.S.C. § 1983.

Conclusion

As stated above, the plaintiff's claimed due process violation is not based on a constitutionally protected liberty interest and therefore, lack an arguable basis in fact or law and will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

Three-strikes provision

Since this case is dismissed pursuant to Section 1915(e)(2)(B)(i) of the Prison Litigation Reform Act, it will be counted as a "strike."  See 28 U.S.C. § 1915(g).  If the plaintiff

receives "three strikes," he will be denied <u>in</u> <u>forma</u> <u>pauperis</u> status and required to pay the full filing fee to file a civil action or appeal.

A final judgment in accordance with this opinion and order will be entered.

THIS the 21st day of September, 2006.

s/ HENRY T. WINGATE

CHIEF UNITED STATES DISTRICT JUDGE